UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL EARL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | NO. C17-5440-JPD<br><br><br><br>ORDER |

Plaintiff Michael Earl appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

I.　　FACTS AND PROCEDURAL HISTORY

Plaintiff is a 46-year-old man with a high school diploma and two years of college education. Administrative Record ("AR") at 89, 91-92. His past work experience includes employment as a medical assistant, seasonal retail worker, gas station cashier, and industrial radiographer. AR at 297. Plaintiff was last gainfully employed in June 2013. *Id.*

ORDER - 1

In August 2013, Plaintiff protectively applied for SSI and DIB, alleging an onset date of June 14, 2013. AR at 129, 140, 270-71, 281-86. Plaintiff asserts that he is disabled due to diabetes, back pain, arm pain, sleep apnea, and right hip pain. AR at 313.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 177-85, 188-97. Plaintiff requested a hearing, which took place on October 6, 2015, and March 2, 2016. AR at 27-53, 85-128. On March 21, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform his past relevant work. AR at 10-21. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On June 8, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 4.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Earl bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

ORDER - 4

## V. DECISION BELOW

On March 21, 2016, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since June 14, 2013, the alleged onset date.

3. The claimant's obesity, degenerative disc disease, and peripheral neuropathy are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he can lift 20 pounds occasionally and 10 pounds frequently; stand and walk 4-6 hours total in an eight-hour workday; and sit eight hours of an eight-hour workday with normal breaks. He cannot climb ladders, ropes, or scaffolds; can occasionally crawl, bend, and stoop; and can have no exposure to heights.

6. The claimant is capable of performing past relevant work as a medical assistant, sales attendant, cashier, and industrial radiographer.

7. The claimant has not been under a disability, as defined in the Act, from June 14, 2013, through the date of the decision.

AR at 12-20.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred at step two in finding Plaintiff's elbow impairment to be not severe; and

2. Whether the ALJ erred in discounting Plaintiff's subjective symptom testimony.

Dkt. 10 at 1.

## VII. DISCUSSION

A. <u>The ALJ erred at step two.</u>

The ALJ found at step two that Plaintiff's left arm/elbow impairment was not a severe

ORDER - 5

impairment because many of his examinations were normal and the medical expert testified that Plaintiff's condition was "not that limiting." AR at 14. The ALJ also emphasized that no provider had ever recommended surgery, and the ALJ concluded that Plaintiff's conservative treatment indicated that the condition was not severe. AR at 15.

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)).

In finding that Plaintiff's left arm/elbow condition had no more than a minimal effect on his ability to work, the ALJ implicitly rejected the opinions of two examining physicians who opined that Plaintiff's condition caused manipulative limitations and lifting restrictions with his left arm. *See* AR at 728, 874, 876, 878. Instead, the ALJ relied on the testimony of a non-examining medical expert, who was apparently unaware that Plaintiff's treating physician had recommended surgery. *Compare* AR at 15 (ALJ's findings regarding Plaintiff's need for surgery), 36-43 (medical expert's testimony regarding whether surgery is needed or has been recommended) *with* AR at 810 (Plaintiff's treating doctor's surgery recommendation). The ALJ did not acknowledge the evidence contrary to his conclusion regarding the severity of Plaintiff's arm/elbow condition, and his summary of the evidence related to the impact of the condition is therefore not accurate. This is error. *See, e.g., Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (ALJ "cannot reach a conclusion first, and then attempt to justify it by

ignoring competent evidence in the record that suggests an opposite result").

Although the Commissioner contends that any step-two error is harmless because the ALJ did not find Plaintiff not disabled at step two, and went on to consider the limitations caused by Plaintiff's arm/elbow conditions (Dkt. 14 at 4), this argument is not persuasive. The ALJ did mention the contrary evidence when assessing Plaintiff's RFC, but did not provide specific and legitimate reasons to discount it: the ALJ again relied up on the medical expert's testimony to reject the examining physicians' opinions, and did not address the discrepancy between Plaintiff's treating physician's surgery recommendation and the non-examining medical expert's contrary testimony. AR at 17-19.

The facts of this case are distinguishable from *Burch v. Barnhart*, cited by the Commissioner, because in *Burch*, the record did not contain any evidence of any particular functional limitations caused by the condition omitted at step two. *See* 400 F.3d 676, 683 (9th Cir. 2005). In this case, there are two opinions written by examining physicians indicating that Plaintiff's arm/elbow condition caused functional restrictions, and the ALJ erroneously discounted those opinions in favor of a non-examining physician's opinion that was inconsistent with the medical record. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.").

As requested by Plaintiff, the Court remands this case for reconsideration of Plaintiff's arm/elbow condition at step two and subsequent steps in the sequential evaluation. As a result, the Court need not address Plaintiff's other assignment of error at this time.

//

//

//

VIII. CONCLUSION

For the foregoing reasons, the Court REVERSES and REMANDS this case to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 12th day of December, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 8